FILED

IN THE UNITED STATES DISTRICT COURT UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO DENVER, COLORADO

Civil Action No. 10-cv-03131-BNB

APR 2 0 2011

DAVID ALLEN SUSSMAN,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

MR. WILSON, Warden/Director, Denver County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## ORDER TO DISMISS

---

I. Background

Applicant, David Allen Sussman, acting *pro se*, initiated this action by filing an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. At the time he

filed this action, Mr. Sussman was serving a 730-day sentence in the Denver County

Jail. Mr. Sussman asserts in his Reply, Doc. No. 31, that he was released on February

25, 2011. Because Mr. Sussman was in custody at the time he filed the § 2254

Application, this Court has jurisdiction to consider his claims. *McCormick v. Kline*, 572

F.3d 841 (10th Cir. 2009).

In an order entered on January 20, 2011, Magistrate Judge Boyd N. Boland

directed Respondents to file a Pre-Answer Response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C.§ 2254(b)(1)(A). On January 26, 2011, the Attorney

General of the State of Colorado filed a Pre-Answer Response and asserted no

authority over Mr. Sussman's conviction and sentence for a misdemeanor conviction.

Mr. Wilson, the Director of the Denver County Jail, filed a Pre-Answer Response on

February 17, 2011, and addressed the affirmative defenses of timeliness and

exhaustion of state court remedies. Mr. Sussman filed a Reply on March 28, 2011.

Respondent Wilson does not challenge the timeliness of this action only Mr. Sussman's

failure to exhaust his state-court remedies. Respondent Wilson asserts that Mr.

Sussman was found guilty of a class one misdemeanor sex assault in Denver County

Court Case No. 09M09761, on January 12, 2010, and was sentenced on March 16,

2010, to 730-days of incarceration in the Denver County Jail. Respondent Wilson

further asserts that Mr. Sussman did not file a direct appeal, but on December 17, 2010,

he filed a Colo. R. Crim. P. 35(c) postconviction motion that is pending before the

Denver County Court.

II. Analysis

The Court must liberally construe Mr. Sussman's Application because he is not

represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated

below, the Court will deny the Application and dismiss the action.

Mr. Sussman has failed to exhaust his state court remedies. Pursuant to 28

U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted

unless it appears that the applicant has exhausted state remedies or that no adequate

state remedies are available or effective to protect the applicant's rights. See *O'Sullivan*

*v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531,

1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim

has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346,

2

351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Sussman appears to argue inordinate delay in the consideration of an appeal in his criminal case. He asserts that (1) the county court judge was unwilling to appoint counsel or rule on his motions; (2) he has filed many collateral attacks, which the court has failed to address; and (3) his notice of appeal, filed in February, was considered abandoned because he failed to pay a bond and transcript fee and file it in the district court. Reply at 5-6.

A review of the state case registry shows that Mr. Sussman first sought an extension of time to file a Colo. R. Crim. P. 35(b) motion on August 31, 2010, which was granted.  He then filed a Rule 35(c) postconviction motion on December 17, 2010, and filed his first notice of appeal on December 20, 2010.  It appears, however, that Mr. Sussman did not complete the proper procedures to execute his appeal.  *See* Reply at Ex. A and Pre-Answer Resp. at Ex. B.  Therefore, the only proceeding pending is Mr. Sussman's postconviction motion, which has been pending for four months.

A case with a very short sentence may warrant more expedited treatment.  *See Harris v. Champion*, 15 F.3d 1538, 1561 (10th Cir. 1994).  Mr. Sussman waited until at the earliest July 9, 2010, when he sought appointment of counsel, to pursue any postconviction challenge to his conviction and sentence.  By July 9, the time had expired to file an appeal.  Mr. Sussman does not assert that counsel or the trial court failed to notify him of the requirement for filing a prompt notice of appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444 n. 5 (1962) (citation omitted).  He also does not assert fraud or deception by his attorney.  *Entsminger v. State of Iowa*, 386 U.S. 748 (1967).  The Court finds that, even though his sentence properly would be termed a "short sentence," Mr. Sussman's failure to file a timely appeal would negate a finding of either need for expedited treatment or inordinate delay by the state court.  The Application will be dismissed for failure to exhaust state court remedies.

Even if the Court were to consider the merits of Mr. Sussman's claims, Claims One and Three fail to assert a violation of his constitutional rights.  In both claims, Mr. Sussman is challenging the violation of state law.  As for Claim Two, Mr. Sussman fails to comply with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts that requires him to go beyond notice pleading.  *See Blackledge v.*

4

*Allison*, 431 U.S. 63, 75 n.7 (1977).  Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Mr. Sussman directs the Court to review the copy of the state court appeal that he attached to his Application and determine what ineffective assistance of counsel claims he intends to assert in this action.  It is not a judicial function to assist Mr. Sussman in stating the factual support for his claim.  *See Hall*, 935 F.2d at 1110.

III. Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Sussman has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this __20th__ day of ___April_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-03131-BNB

David Allen Sussman
Prisoner No. 0000740437
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 20, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk